# STERNS & WEINROTH

A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
50 WEST STATE STREET
SUITE 1400
P.O. BOX 1298
TRENTON, NEW JERSEY 08607-1298
(609) 392-2100
FACSIMILE
(609) 392-7956
WWW.STERNSLAW.COM

Member, NJ, NY and GA Bars
Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney
Michael A. Spero: (609) 989-5009
e-mail: mspero@sternslaw.com

File No.: 51170-55

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/24/11

October 24, 2011

**Via U.S. Mail and Facsimile: 212-805-6382**
Honorable Victor Marrero
United States Courthouse
500 Pearl Street, Courtroom 20B
New York, NY 10007

Re:    Riviera Finance of Texas, Inc. vs. Capgemini U.S., LLC, 10 Civ. 5489 (VM)

Dear Judge Marrero:

We write to correct two inaccuracies in Mr. Silver's letter of October 18, 2011. First, the record is not devoid of evidence that Capgemini verified the validity of the accounts prior to Riviera's decision to fund those account, and that Riviera relied on such funding. For instance, in the context of explaining why she feels that Capgemini owes Riviera money, Kathleen Ozenne, a manager at Riviera, testified that Riviera purchased EC's invoices "based on verification." Transcript of Deposition of Kathleen Ozenne, May 12, 2011, 49:4.

Second, Mr. Silver mischaracterizes Rivera's position by claiming that Riviera "does not dispute" certain facts and principles of law. First, Mr. Silver claims that "Riviera does not dispute that, under well-settled New York law, Rivera stands in the shoes of EC Manage and any defense that may be asserted by Capgemini against EC Manage may similarly be asserted against Riviera." To the contrary, Riviera has consistently argued that any defense that occurred after notice of assignment, (notably a set-off defense), is not permitted against Riviera, an assignee, pursuant to U.C.C. §12A:9-404(a)(1), which governs this matter. Next, Mr. Silver claims that "it is undisputed that there was no material misrepresentation made by Capgemini." Again, the entire focus of Riviera's letter to Your Honor of October 5, 2011 is Riviera's claim that Capgemini "knowingly concealed" information about EC's alleged failure to pay the contractors.

Respectfully submitted,

Michael P. Spero

Michael A. Spero

cc:    Gerald D. Silver, Esq. (Via Facsimile: 647-710-5260)
       Riviera Finance of Texas, Inc.

{00458961;v1}

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Plaintiff. The Court considers the briefing on this matter complete. No further submissions are necessary.
SO ORDERED.

10-24-11
DATE       VICTOR MARRERO, U.S.D.J.